## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

DEAN BRYAN DAVIDSON,               )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )        No. 4:18-CV-103 RLW
                                    )
FULTON STATE HOSPITAL, et al.,      )
                                    )
                                    )
        Defendants.                 )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Dean Bryan Davidson, a detainee at the Southeast Missouri Mental Health Center, for leave to proceed in forma pauperis in this civil action filed pursuant to 42 U.S.C. § 1983. The Court has reviewed the financial information submitted in support, and will grant the motion. In addition, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This Court is required to liberally construe a pro se complaint, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and must accept plaintiff's factual allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25,

33 (1992). The Court is not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). Giving a pro se complaint the benefit of a liberal construction does not mean that the rules of ordinary civil litigation must be interpreted to excuse mistakes by those who proceed pro se. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Named as defendants are Fulton State Hospital, Southeast Missouri Mental Health Center, Steven David Hawke, and Denise Boyde. Plaintiff states that he sues all defendants in their official and individual capacities.

Plaintiff alleges that he is being wrongfully detained; that "staff" and "they" have opened and read his legal mail, "practiced illegal authority over the Constitution of the United States" and broken his confidentiality; that he was lost in the shuffle when he was about to be discharged from Fulton State Hospital; that "they" and "social worker Denise Boyde from here" admitted to opening and reading his regular mail and legal mail[1]; that he has been slandered, ridiculed and humiliated religiously; and that his reputation as an ordained minister has been ruined. Plaintiff further asserts that he still suffers from Brain Trauma Injury that you "can't put a price on."

As relief, plaintiff seeks monetary damages.

## Discussion

Because Southeast Missouri Mental Health Center and Fulton State Hospital are entities of the State of Missouri, plaintiff's claims against them are barred by the Eleventh Amendment. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). Because Boyde and Hawke are employees of the State of Missouri, plaintiff's official capacity claims against them for monetary

---

[1]Plaintiff also references in the body of his complaint that two nurses at Fulton State Hospital, Janette Latty and Jamie Waller may have opened and reviewed his mail "since 2010, including mail from the U.S. Patent Office, causing the Patent Office to believe he had abandoned his Patent Applications." Plaintiff has not named these individuals as defendants in this action.

damages are also barred by the Eleventh Amendment. *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) (citing *Will*, 491 U.S. 58) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment"). Therefore, plaintiff's claims against Southeast Missouri Mental Health Center and Fulton State Hospital, and plaintiff's official capacity claims against Boyde and Hawke, will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff's individual capacity claims against Boyde and Hawke will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff has not made any factual allegations against Hawke in this matter. And the only factual allegation against Boyde is that she admitted she had opened and read plaintiff's mail.

Although plaintiff alleges that some of the mail Boyde read and reviewed was "legal mail," he has not alleged that there was an actual injury to a **specific case** or a **specific legal claim**[2] or interference with his right to counsel. It therefore cannot be said that plaintiff states a claim of constitutional magnitude against Boyde. *See Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996) (to state a claim for denial of access to the courts, a plaintiff must assert that he suffered an actual injury to pending or contemplated legal claims); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (to state a claim under the First Amendment, a plaintiff must show a regular and unjustifiable interference with mail); *see also Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) (allegations of sporadic and short-term delays and disruptions in mail are insufficient to state a claim under the First Amendment).

---

[2]Plaintiff cannot just generally claim, in a conclusory manner, that Boyde interfered with his right to counsel or a claim in court. Plaintiff must provide the Court with the specific case Boyde interfered with, or at least provide a reference to a specific claim or case Boyde was attempting to bring against a specific defendant at a specific time period in order to bring an access to courts claim against Boyde under the First Amendment.

3

Plaintiff also fails to allege facts tending to show that Boyde regularly and unjustifiably interfered with his mail, or that she destroyed, withheld or refused to send **any** mail. The remainder of the complaint sets forth generalized, rambling allegations that "staff" and "they" committed various forms of wrongdoing. These allegations do not state a claim against Boyde because liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where the plaintiff failed to allege that a defendant was personally involved in or directly responsible for incidents that injured him).

Civil plaintiffs are required to set forth their claims in a simple, concise, and direct manner, and they are required to set forth the facts supporting such claims as to each named defendant. This Court's obligation to liberally construe plaintiff's complaint does not include the obligation to create facts or construct claims that have not been alleged. *See Stone*, 364 F.3d at 914-15 (Court is not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."). Having liberally construed the complaint, the Court concludes that it is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii). *See also, Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (An action is factually frivolous if the facts alleged are "clearly baseless"; allegations are clearly baseless if they are "fanciful," "delusional," or "fantastic.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

4

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated this 29th day of January, 2018.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE