## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

DEAN BRYAN DAVIDSON, )
)
     Plaintiff, )
)
v. )     No. 4:18-CV-103 RLW
)
FULTON STATE HOSPITAL, et al., )
)
     Defendants. )

## <u>MEMORANDUM AND ORDER</u>

Before the Court is plaintiff's post-dismissal for recusal. Plaintiff also seeks a "change of venue" in this action. Plaintiff's motions will be denied.

On January 29, 2018, the Court reviewed plaintiff's action pursuant to 28 U.S.C. § 1915 and found that it was subject to dismissal for frivolousness and for failure to state a claim upon which relief may be granted. Plaintiff filed a notice of appeal in this closed matter on February 8, 2018. With the filing of the notice of appeal, this Court lost jurisdiction to transfer the present matter. Even if the Court did have jurisdiction to transfer this matter to the Western District, the Court would abstain from transferring a closed action to another Federal District Court.[1]

Additionally, the Court does not find that plaintiff has sufficiently stated the grounds necessary for this Court to recuse itself from this matter. While it is true that a judge "shall

---

[1]Plaintiff has filed three almost identical actions in the Western District of Missouri within the past year. *See Davidson v. Fulton State Hospital*, No. 2:17CV4018 FJG (W.D.Mo. 2017); *Davidson v. Fulton State Hospital*, No. 2:17CV4019 FJG (W.D.Mo. 2017); *Davidson v. Walker*, No. 2:17CV4147 FJG (W.D.Mo. 2017). Each of plaintiff's cases were dismissed as frivolous. Plaintiff also filed a petition for writ of habeas corpus with the Western District on January 25, 2017, in *Davidson v. Fulton State Hospital*, No. 4:17-CV-78 FJG (W.D.Mo. 2017). Plaintiff's application for habeas corpus was denied on March 30, 2017. Plaintiff currently has a new petition for writ of habeas corpus pending in the Western District of Missouri seeking release from his confinement. *See Davidson v. Schmit*, No. 4:18CV561 FJG (W.D.Mo. 2018).

disqualify himself in any proceeding in which his impartiality might reasonably be questioned," plaintiff has not alleged any facts to reasonably question this Court's impartiality. 28 U.S.C. § 455(a). *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002). Rather, it appears that plaintiff is merely unhappy with this Court's unfavorable ruling in this action. An unfavorable judicial ruling is not enough to raise an inference of bias. *Harris v. Missouri*, 960 F.2d 738, 740 (8th Cir.1992)). Plaintiff's motion for recusal is therefore frivolous, and his statements regarding the Court's bias are conclusory and are not supported by any facts. As a result, his request for recusal will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion requesting a change of venue and recusal of this Court in this matter [Doc. #19] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this action would not be taken in good faith.

Dated this 13th day of August, 2018.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE